IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

───────────────────────────────────────────────────────

CHRISTY LEAH CLARK, a/k/a     )
CHRISTY LEAH BEASON,          )
                             )
     Plaintiff,              )
                             )
v.                           )    No. 04-2938 Ml/V
                             )
BILLY DOYLE, BILL KELLEY, and )
FAYETTE COUNTY,              )
                             )
     Defendants.            )

───────────────────────────────────────────────────────

ORDER DENYING MOTION TO SET ASIDE ORDER OF DISMISSAL

───────────────────────────────────────────────────────

Before the Court is Plaintiff's Motion to Set Aside Order of Dismissal, filed May 16, 2006. Defendants Sheriff Bill Kelley and Fayette County, Tennessee responded in opposition on May 22, 2006. Defendant Billy Doyle responded in opposition on May 29, 2006.

Plaintiff's complaint was dismissed with prejudice on April 13, 2006, for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Docket No. 30).[1] Judgment was entered the same day. (Docket No. 31.)

─────────────────────

[1] Defendants Sheriff Bill Kelley and Fayette County, Tennessee, moved for contempt and for dismissal of this action pursuant to Rule 41(b) on December 13, 2005. Plaintiff did not file a response. The matter was referred to the United States Magistrate Judge, and the Magistrate Judge entered a Report and Recommendation of dismissal on January 20, 2006. Plaintiff did not file any objections or otherwise respond, and this Court adopted the Report and Recommendation on April 13, 2006.

Plaintiff now moves set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  The Sixth Circuit has stated that "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002)(citing Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000)).  The court must take into account the actions of the party's attorney to determine the existence of "excusable neglect."  Reyes, 307 F.3d at 456.

In support of Plaintiff's motion to set aside the default judgment, Plaintiff's counsel submitted an affidavit, under seal, in which he set forth various medical and professional reasons for his inability "to satisfy [his] obligations to this Court, opposing counsel or [his] client."  While sympathetic to counsel's difficulties, the Court finds that he has failed to show excusable neglect in this case.

As Defendants point out, Plaintiff's counsel has not demonstrated why he did not bring the problems outlined in his sealed affidavit to the Court's attention much earlier.

Plaintiff failed to respond to the Court's November 2005 order regarding discovery; the Defendants' December 2005 motion to compel; or the United States Magistrate Judge's January 2006 recommendation that Plaintiff's complaint be dismissed. Moreover, Plaintiff did not respond to the Court's April 13, 2006, Order of Dismissal and entry of judgment for almost one month.  Counsel's affidavit fails to explain with particularity why he was unable to file any papers in this case for several months, and, in fact, makes no reference to the specifics of this case at all.  Without more, the Court is unable to find that Plaintiff has demonstrated "excusable neglect" as required under Rule 60(b)(1).  See Reyes, 307 F.3d at 456-57 (finding no excusable neglect where counsel failed to respond to discovery requests and motions and offered only a "vague explanation" for failure to do so).

Accordingly, Plaintiff's Motion to Set Aside Order of Dismissal is DENIED.

So ORDERED this 13th day of June, 2006.


 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

3